# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JESSE P. LOCKUK,<br><br>        Petitioner,<br><br>vs.<br><br>EARL HOUSER, Superintendent,<br>Goose Creek Correctional Center,<br><br>        Respondent. | Case No. 3:18-cv-00261-JKS |

## ORDER OF DISMISSAL

On October 30, 2018, Jesse P. Lockuk, an Alaska state prisoner proceeding *pro* se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his conviction upon his no contest plea in the Superior Court of the State of Alaska, Case Number 3DI-02-00500CR.[1] Lockuk asserts that the judgment in that case, issued on May 31, 2005, is unenforceable by law, and that his plea agreement was breached.[2]

After reviewing the Petition and the state court dockets,[3] this Court issued an Order to Show Cause[4] on October 30, 2018, directing Parks to file a

---

[1] Docket 1.

[2] Docket 1 at 5-8.

[3] The Court takes judicial notice of the state court records. Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[4] Docket 3 ("OSC").

Response addressing the facial untimeliness of the Petition. The OSC explained why the Petition was facially untimely, why the statutory tolling available did not render it timely, and why the equitable tolling doctrine did not appear to be applicable. The OSC expressly directed Lockuk to explain how the Petition is timely (if he so contends) and to provide any available competent evidence to establish such timeliness. Lockuk responded to the OSC on December 12, 2018.[5]

The Court has considered the Petition, the record, and Lockuk's Response and must conclude that dismissal of this action with prejudice is warranted due to untimeliness. The Court takes judicial notice[6] that Lockuk filed an initial § 2254 petition in this Court on August 8, 2012, in Case No. 3:12-cv-00163-SLG-DMS. That case was dismissed without prejudice on March 18, 2014, for failure to fully exhaust his federal claims in state court.[7] Lockuk states that he filed another

---

[5] Docket 4.

[6] Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[7] Case No. 3:12-cv-00163-SLG-DMS, Dockets 44, 45. Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court, *Duncan v. Walker*, 533 U.S. 167 (2001) (stating that there is no tolling under § 2244(d)(2) for the time during which a federal petition that was dismissed without prejudice was pending); *see also Fail v. Hubbard*, 315 F.3d 1059 (9th Cir. 2001) (one-year habeas statute of limitations was not equitably tolled during period between date of

post-conviction petition in state court in 2015, which was dismissed in 2016.[8] There is no public record of any appellate proceedings in the Alaska state courts related to that post-conviction petition. It does not appear that Lockuk further litigated his claims until April 2018, when he filed in this Court a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Case No. 3:18-cv-00097-RRB. On October 18, 2018, that case was dismissed without prejudice to timely filing a habeas petition under § 2254. In that order, the Court warned Lockuk that "[t]he one-year statute of limitations will likely prevent the Court from reaching the merits of a habeas petition filed by Mr. Lockuk."[9] In his response to the OSC issued in this case, Lockuk does not assert facts that would establish that statutory or equitable tolling is warranted. Rather, Lockuk's response merely reasserts his contention that the 2005 judgment against him is invalid.[10]

IT IS THEREFORE ORDERED:

1. The Petition is DISMISSED WITH PREJUDICE for untimeliness.

2. All pending motions are DENIED as moot.

---

the filing of an entirely unexhausted petition and date of its dismissal by district court without prejudice after statute of limitations had run).

[8] Docket 1 at 6, *Jesse Patrick Lockuk v. State of Alaska,* 3DI-15-00058CI; *see also* Docket 1-1 at 2-9.

[9] Case No. 3:18-cv-00097-RRB, Docket 5.

[10] Docket 4 at 2-3.

Case No. 4:18-cv-00261-JKS, *Lockuk v. Houser*
Order to Show Cause
Page 3 of 4

3. A Certificate of Appealability shall not issue.[11]

4. The Clerk of Court is directed to issue a judgment accordingly.

Dated at Anchorage, Alaska this 7th day of January, 2019.

s/ James K. Singleton, Jr.
Senior United States District Judge

---

[11] *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).